IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-367-DCK

| | |
|---|---|
| JANE McGINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 10) and "Defendant's Motion For Summary Judgment" (Document No. 12). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion For Summary Judgment" be denied; that "Defendant's Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

### I. BACKGROUND

Plaintiff Jane McGinn ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about January 12, 2016, Plaintiff filed application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, alleging an inability to work due to a disabling condition beginning March 12, 2014. (Transcript of the Record of Proceedings ("Tr.") 10, 60, 71). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on March 18, 2016, and again after reconsideration on June

9, 2016. (Tr. 10, 84, 91). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. Based on the description of the job performed as a Dental Hygienist, we have concluded that you have the functional capacity to meet the functional demands of this type of work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 91).

Plaintiff filed a timely written request for a hearing on July 6, 2016. (Tr. 10, 95-96). On May 21, 2018, Plaintiff appeared and testified at a video hearing before Administrative Law Judge Benjamin Chaykin (the "ALJ"). (Tr. 10, 28-52). In addition, Stephanie R. Archer, a vocational expert ("VE"), also appeared at the hearing. Id.

The ALJ issued an unfavorable decision on August 17, 2018, denying Plaintiff's claim. (Tr. 7-9, 10-17). On October 3, 2018, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on June 3, 2019. (Tr. 1-3). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on July 30, 2019. (Document No. 1). On October 8, 2019, the parties consented to Magistrate Judge jurisdiction in this matter. (Document No. 7).

Plaintiff's "Motion For Summary Judgment" (Document No. 10) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 11) were filed on January 8, 2020; and "Defendant's Motion For Summary Judgment" (Document No. 12) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 13)

were filed March 9, 2020.  Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2 (e).

Based on the foregoing, the pending motions are now ripe for review and disposition.

## II.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence.  Hays, 907 F.2d at 1456 (4th Cir. 1990);  see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986);  Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence.  Hays, 907 F.2d at 1456;  King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations.");  Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").  Indeed, so

3

long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between March 12, 2014, and the date of his decision.[1] (Tr. 11). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

>   (5)   whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 17).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since March 12, 2014, her alleged disability onset date. (Tr. 12). At the second step, the ALJ found that benign tremor of the right hand was a severe impairment.[2] (Tr. 12). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 13).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform medium work activity, "except the claimant is limited to occasional fingering with the dominant right upper extremity." (Tr. 13). In making his finding, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527." Id.

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a dental hygienist. (Tr. 15-16). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 16). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included three distinct cleaner jobs. (Tr. 17). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between March 12, 2014, and the date of his decision, August 17, 2018. (Tr. 17).

Plaintiff on appeal to this Court contends that the ALJ erred by failing to properly evaluate: (1) the limiting effects of Plaintiff's persistent tremor of the dominant right upper extremity ("RUE") in the RFC; and (2) Dr. Friedland's medical opinion. (Document No. 11, p. 4, 8). The undersigned will discuss each of these contentions in turn.

**A.     Limiting Effects of Plaintiff's Tremor**

Plaintiff first argues that the ALJ did not adequately account for the limiting effects of Plaintiff's persistent tremor in the RFC, specifically noting that "there are no handling limitations in the RFC." (Document No. 11, p. 4). Plaintiff contends that the medical evidence and Plaintiff's testimony "establish that she is suffering with a persistent and worsening tremor in her dominant right hand that is causing her difficulty with fine motor skills and gross movements such as handling." Id. at 6. For example, Plaintiff notes that while "she can carry some things, like bags, with her right hand, she must use her left hand to carry other objects, like vases, or to sit things down." Id. at 5. Plaintiff further explains that she "had to stop work as a dental hygienist because she mildly injured three patients while working on their gums" and that "medication had not

6

helped." Id. at 4. Plaintiff notes that her treating physician, Dr. Friedland, in October of 2017, opined that Plaintiff is unable to perform "holding, grasping or repetitive movements." Id. at 5.

Plaintiff argues that the ALJ "failed to form a logical bridge between the evidence concerning Ms. McGinn's severe, persistent tremor and his RFC which contains no limitations in handling with her RUE." Id. at 2 (citing Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019)). Plaintiff agrees with the ALJ's assessment that Plaintiff "has no strength deficits" and "no focal neurological deficits such as sensory loss." (Document No. 11, p. 6). However, Plaintiff asserts "the issue is that her hand is trembling and she cannot consistently perform gross or dexterous movements with that hand." Id. As such, Plaintiff contends that it is "significant[]" that the "ALJ never explains why, despite her testimony and persistent intention tremor on [physical examinations], there are no handling limitations in the RFC." Id. Moreover, Plaintiff asserts "this error is particularly harmful because, per the DOT, all three jobs cited by the VE and by the ALJ in his decision would be unavailable to Ms. McGinn were she limited to less than frequent handling." Id. at 7.

Additionally, Plaintiff asserts that her "qualified daily activities illustrate the ongoing difficulties that she experiences in using her dominant right hand." Id. at 7. For example, at her part-time sales associate job, Plaintiff "testified to difficulties using her right hand during her part-time work requiring help from others and other accommodations." Id. Plaintiff asserts that "it takes her longer to perform her work tasks than other employers and sometimes will swap tasks with other employees because of her difficulties with her worsening right-hand tremor." Id. at 5. Plaintiff further notes that "she relies primarily on her left hand to do many common tasks" such as putting on make-up and drinking from a glass. Id. at 5-6. Additionally, although the ALJ notes that Plaintiff "exercises," Plaintiff explains that her "primary form of exercise seems to be walking,

7

which does not involve the use of the hands." Id. (internal citation omitted). As such, Plaintiff contends that her daily activities are not "dispositive of disability." Id. at 7 (citing Cornett v. Califano, 590 F.2d 91 (4th Cir. 1978)).

In response, Defendant contends that "the ALJ properly found that Plaintiff could perform medium work except that she is limited to occasional fingering with the dominant right extremity." (Document No. 13, p. 4). Defendant notes that the ALJ considered that Plaintiff had a "right-handed tremor, worsened with intention" and that Defendant was "unable to use the tools required by her past work as a dental hygienist." Id. at 5-6. However, "the ALJ opined that the record consistently demonstrates no musculoskeletal limitations and no focal neurological deficits." Id. at 6. Moreover, Defendant argues that "Plaintiff's reported daily activities, ability to drive daily, work part-time, and exercise regularly . . . do not support a finding of disability." Id. Additionally, Defendant asserts that the ALJ properly evaluated the opinion evidence of State Agency medical consultants who "limited Plaintiff to medium work with frequent fingering in the right upper extremity." Id. at 7.

The undersigned agrees with Defendant that the ALJ supported his decision with sufficient evidence. First, the ALJ reasoned that the medical record consistently demonstrates no musculoskeletal limitations and no focal neurological deficits. (Tr. 15) (citing Tr. 252, 271). The ALJ noted that medical examinations revealed no muscle atrophy or weakness. (Tr. 15) (citing Tr. 277). Moreover, the ALJ noted that Plaintiff "generally denied difficulties with her left hand." (Tr. 15).

Next, the ALJ considered Plaintiff's daily activities. The ALJ explained that "[i]n terms of the claimant's alleged physical limitations, the claimant testified at the hearing that she was able to carry grocery bags and drive without difficulty, but due to a fine tremor had trouble picking up

8

Case 3:19-cv-00367-DCK   Document 14   Filed 07/20/20   Page 8 of 12

delicate items." Id. at 14. The undersigned is persuaded that this distinction – between carrying bags and picking up delicate items – supports the ALJ's conclusion limiting Plaintiff to occasional fingering with no handling limitations. In the hearing, the ALJ was clear that he did not intend to include any handling limitations in the RFC, only fingering. When presenting the hypothetical question to the VE, the ALJ instructed, "[j]ust keeping in mind this is fingering, not talking about any limitations on handling." Id. at 49. Later in the hearing, at the ALJ's request, the VE provided definitions of fingering ("fine manipulation") and handling ("gross manipulation."). Id. at 51.

The ALJ also considered opinion evidence and gave moderate weight to the opinions of State agency medical consultants who limited Plaintiff to "medium work with frequent fingering." Id. at 15 (citing Tr. 57, 66, 79). The ALJ, however, further limited the Plaintiff to "occasional" fingering because the consultants did not have access to updated medical records available at the time of the hearing. (Tr. 15) (referencing Tr. 225-228). The ALJ further explained that Dr. Friedland's opinion, stating "no holding grasping, or repetitive movements," was inconsistent with Plaintiff's daily activities, such as driving, carrying bags, and working part-time. (Tr. 15) (citing Tr. 227).

In sum, the undersigned is persuaded that substantial evidence supports the ALJ's RFC limiting "the claimant to no greater than medium work, with no more than occasional fingering with the right upper extremity." (Tr. 15). Although the ALJ could have been more specific in his decision, the undersigned is persuaded that the ALJ relied on substantial evidence to sufficiently account for Plaintiff's limitations in the RFC.

**B.     Treating Physician's Opinion**

Next, Plaintiff argues that the ALJ erred by not giving controlling weight to the opinion of Dr. Friedland, Plaintiff's treating physician. (Document No. 11, p. 8) (citing 20 C.F.R. §

9

404.1527(c)(2)) ("If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.").

Plaintiff notes that Dr. Friedland opined that Plaintiff "was unable to perform fine motor skills with the right hand, and that she could perform no holding, grasping, or repetitive movements with it either." (Document No. 11, p. 8). Plaintiff asserts that the ALJ gave Dr. Friedland's opinion limited weight "on the basis that it was inconsistent with her normal grip strength and daily activities." Id. However, Plaintiff contends that her "grip strength is not at issue when her functional limitations result [from] shaking not weakness." Id. Moreover, Plaintiff asserts that her daily activities are in fact "consistent with significant limitations to the right hand." Id. As such, Plaintiff contends that "the ALJ failed to justify his assignment of only 'limited weight' to the well-supported medical opinion of Ms. McGinn's treating physician." Id. at 9 (quoting Tr. 15).

In response, Defendant asserts that "the ALJ properly evaluated Dr. Friedland's opinion and properly accorded this opinion limited weight." (Document No. 13, p. 8). Defendant explains that Dr. Friedland's opinion stating that Plaintiff could perform "no holding, grasping, or repetitive movements" is "inconsistent with Plaintiff's ability to drive daily and carry items, perform part-time work." Id. at 10. Defendant also asserts that "the record shows that she is capable of wrapping purchases and vacuuming. Id. (citing Tr. 215). Defendant further notes that Plaintiff retains the use of her left hand and that, at Plaintiff's part-time job, "she is able to use either hand, depending on the task." (Document No. 13, p. 10). Defendant therefore asserts that Dr. Friedland's opinion

is inconsistent with the "evidentiary record [which] did not present additional functional limitations." Id. at 11.

The undersigned agrees that the ALJ properly evaluated Dr. Friedland's opinions and relied on substantial evidence in reasoning that Dr. Friedland's opinion was not consistent with the record. See Mastro v. Apfel, 270, F.3d. 171, 178 (4th Cir. 2001) ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.").

In the present case, the ALJ considered the medical evidence and opinions and evaluated it together with Plaintiff's testimony. While the ALJ concluded that Plaintiff suffered from tremors in her right hand, he also concluded that Dr. Friedland's opinion that restricted Plaintiff to "no holding, grasping, or repetitive movements" is "inconsistent with the claimant's ability to drive, carry items, perform part-time work." (Tr. 15) (citing Tr. 227). The ALJ further noted that the medical evidence reveals largely normal musculoskeletal and neurologic findings, except to the hand tremor. Id. (citing 252, 271). The ALJ further considered Dr. Friedland's 2017 opinion indicating that Plaintiff's "tremor had worsened" and therefore limited Plaintiff to "occasional fingering" from the "frequent fingering" as originally assessed by the State agency medical consultants in 2016. (Tr. 15) (citing Tr. 57, 66, 79).

In sum, the undersigned is persuaded that the ALJ relied on substantial evidence to conclude that Dr. Friedland's opinion was inconsistent with Plaintiff's medical evidence and daily activities; and, therefore he afforded it proper weight.

## IV.    CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the

Commissioner's decision.  Richardson v. Perales, 402 U.S. 389, 401 (1971);  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  As such, the undersigned will direct that the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED** that:  Plaintiff's "Motion For Summary Judgment" (Document No. 10) is **DENIED**;  the "Defendant's Motion For Summary Judgment" (Document No. 12) is **GRANTED**;  and the Commissioner's determination is **AFFIRMED**.

**SO ORDERED**.

Signed: July 20, 2020

David C. Keesler
United States Magistrate Judge